R. C. MAYES *v.* HARTFORD FIRE INSURANCE CO.

[Abstract Kentucky Law Reporter, Vol. 3—687.]

**Statements Made to Secure Insurance.**

An insurance policy is not collectible, when to induce the company to issue the policy the insured makes false statements, and when one not the owner of a building, knowing that fact, represents that he is the owner in order to secure a fire insurance policy; and the fact that the company's agent knew such fact will not of itself prevent the company from defending on account of such representations.

APPEAL FROM GRAVES CIRCUIT COURT.

March 7, 1882.

OPINION BY JUDGE PRYOR:

We see no reason for departing from the rule laid down in the case of *Campbell v. Galbraith,* 12 Bush (Ky.) 459. The same cases referred to in that case as supporting the doctrine contended for by the appellant in this case were there considered by this court, and we declined to follow them. Cases might occur where the insured had been misled by the agent of the company upon a state of facts upon which the insured was ignorant with reference to the insurance, but in this case there is no question but that the assignor of appellant knew he had paid nothing on the property and was not in fact the absolute owner; and if his statements can be disregarded when he must have known they were untrue in this particular instance, the same rule would apply in regard to every representation made in order to obtain insurance. The insured could then be allowed to state that the house insured was occupied, when in fact it was vacant, that it had no inflammable material in it, when it was in fact

filled with such material, and still recover because he could show the agent was in possession of all the facts. There should be good faith practiced in all such transactions, and when the insured knew or is presumed to know the truth or falsity of the statement he is making in order to obtain an insurance, material to the risk, he must speak the truth, for upon these statements the company issue the policy and assume the risk. The appellant and his assignor in this case knew all about the title, and the incumbrances on the property, and the only defense made is that the agent knew as much about it as they did.

The judgment below is *affirmed*.

*W. W. Tice, for appellant.*

*W. M. Smith, for appellee.*